**LAW OFFICES OF STEPHEN ABRAHAM**
STEPHEN E. ABRAHAM, ESQ. (STATE BAR NO. 172054)
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorneys for DEFENDANTS
TRANSTAR PROPERTIES, LLC
AND JOSE MARIA ORROZCO[1]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RAUL URIARTE,

        *Plaintiff*,

v.

TRANSTAR PROPERTIES, LLC,

        *Defendant*.

Case No. 2:15-cv-01474-CBM-MAN

Hon. Consuelo B. Marshall

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION**

**REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION**

Courtroom: 2 (Spring)

Hearing:  Tuesday, Oct. 20, 2015
Time:     10:00 a.m.

**Trial:**     **May 3, 2016**

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Please take notice that on Tuesday, October 20, 2015 at 10:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Consuelo B. Marshall, located at 312 N. Spring Street, Los Angeles, California, DEFENDANTS TRANSTAR PROPERTIES, LLC AND JOSE MARIA ORROZCO will and hereby does move this Court to enter summary judgment in favor of De-

---

[1] Plaintiff misspells Defendant's last name.

fendants and against Plaintiff RAUL URIARTE as to Plaintiff's claim under the Americans with Disabilities Act ("ADA").

Furthermore, Defendants shall move this Court for an order declining the exercise of supplemental jurisdiction over the remainder of Plaintiff's claims under state law.

This motion is made on the grounds that there is no genuine dispute as to any material fact and the Defendants are entitled to judgment as to the federal claims.

Defendants' motion is brought pursuant to Rule 56 of the Federal Rules of Civil Procedure and is supported by this Notice of and Motion, the Memorandum of Points and Authorities, the declarations and evidence filed, the separate statement of undisputed material facts filed concurrently herewith, and such other evidence as may be admitted at the time of the hearing of the motion.

This motion is made following conference of counsel pursuant to L.R. 7-3.

Dated: September 21, 2015         LAW OFFICES OF STEPHEN ABRAHAM

By: _____
Stephen E. Abraham
Attorneys for Attorneys for DEFENDANTS TRANSTAR PROPERTIES, LLC AND JOSE MARIA ORROZCO

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY ................................................................... 1
II. RELEVANT FACTS ............................................................................................ 1
    1.    Summary ..................................................................................................... 1
    2.    The Property Complies with ADA Standards ........................................... 2
III. DISCUSSION ....................................................................................................... 2
    1.    The Federal ADA Claim is Moot ............................................................... 2
        A.    Federal Courts Only Hear Actual Cases or Controversies ............... 2
        B.    There is no Longer any Basis for Relief under the ADA ................. 3
    2.    This Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State Claims ............................................................. 5
        A.    Long-Standing Principles of Jurisprudence Warrant Declining to Exercise Supplemental Jurisdiction in this Case ............................... 5
IV. CONCLUSION ..................................................................................................... 7

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

**FEDERAL CASES**

*BC by & Through Powers v. Plumas Unified Sch. Dist.*,
    192 F.3d 1260 (9th Cir. 1999) ...................................................................... 3

*City of Chicago v. Int'l College of Surgeons*,
    522 U.S. 156 (1997) ............................................................................... 5, 6

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ..................................................................................... 4

*County of Los Angeles v. Davis*,
    44 U.S. 625 (1979) ..................................................................................... 3

*Dufresne v. Veneman*,
    114 F.3d 952 (9th Cir. 1997) ..................................................................... 5

*Executive Software N. Am., Inc. v. United States Court
    for Central District of Cal.*,
    24 F.3d 1545 (9th Cir.1994) ...................................................................... 6

*Flast v. Cohen*,
    392 U.S. 83 (1968) ..................................................................................... 2

*Gingerich v. White Pigeon Community Schs.*,
    736 F.Supp. 147 (W.D.Mich.1990) ........................................................... 6

*Independent Living Resources v. Oregon Arena Corp.*,
    982 F.Supp. 698 (1997) .............................................................................. 5

*Lewis v. Continental Bank Corp.*,
    494 U.S. 472 (1990) ................................................................................... 3

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................... 3, 4

*Moreno v. G&M Oil Co.*,
    88 F.Supp.2d 1116 (C.D. Cal. 2000) ......................................................... 5

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ................................................................................... 4

*Pickern v. Best Western Cove Lodge Marina Resort*,
    194 F.Supp.2d 1128 (E.D. Cal. 2002) .................................................... 5, 6

*Steir v. Girl Scouts of the USA*,
    383 F.3rd 7 (1st Cir. 2004) ......................................................................... 3

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) ................................................................................... 6

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002) .............................................................. 3, 4, 6

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

**FEDERAL STATUTES**

28 U.S.C. § 1332 .................................................................................................... 6

28 U.S.C. § 1367 .............................................................................................. 5, 6, 7

42 U.S.C. § 12188 ............................................................................................ 3, 4, 6

**FEDERAL TREATISES**

15 MOORE'S FEDERAL PRACTICE § 101.31 ................................................................ 4

15 MOORE'S FEDERAL PRACTICE § 102.32 ................................................................ 3

I.

# INTRODUCTION AND SUMMARY

This case involves suit under the Americans with Disabilities Act ("ADA") and various state-law theories.

Defendants' motion is premised on the fact there are no conditions at the property alleged in the complaint to be barriers to access. On that basis, this Court should determine that the only federal claim for relief under the ADA is moot and <u>*decline to exercise supplemental jurisdiction over the only remaining state law claims*</u>.

II.

# RELEVANT FACTS

**1. SUMMARY**

As an initial point, Plaintiff filed his complaint on March 2, 2015. Prior to that date, he had not provided any notice whatsoever to Defendants that he had attempted to patronize their restaurant. [DF-1] Rather, the first time they learned even of Plaintiff's existence was when they were served with a complaint.[2] Having first been informed that there was allegedly a problem with the parking lot, they worked to resolve it. [DF-2 and 3] To be clear, at all relevant times, there was ample space for Plaintiff to park and no physical barrier to parking. [*Id.*] Plaintiff's only complaint appeared to be that it was "faded or [] paved over." (Complaint, ¶11)

> 11. Additionally, on information and belief, plaintiff alleges that a fully compliant parking space reserved for persons with disabilities once existed at this location but it has been allowed to fade away to the point that it is no longer available for use by disabled persons or it has been removed from reserved status.

---

[2] Plaintiff may argue that notice is not a pre-filing required. There is no dispute with that point. Rather, the fact goes to the question of whether this Court should exercise supplemental jurisdiction where it appears that Plaintiff preferred litigation over access.

As of this date – and, in fact, after having been apprised of the suit – the conditions of which Plaintiff complains do not exist. Thusly, as discussed in this motion, there are four issues at the core of this case and of this motion.

Firstly, Plaintiff never made a pre-litigation demand. [DF-1]

Secondly, the conditions in the complaint no longer exist. [DF-2 and 3]

Thirdly, after having had ample opportunity to conduct discovery, including inspecting the property, Plaintiff has never amended the complaint.

Fourthly, the only remaining claims of Plaintiff are for relief not available under federal law.

In sum, the federal claim, and with it the basis for original jurisdiction, is gone and the only remaining claims by Plaintiff are those for which this Court should not exercise supplemental jurisdiction.

**2.  THE PROPERTY COMPLIES WITH ADA STANDARDS**

There can be no dispute, based on the evidence submitted herewith, that the conditions of which Plaintiff complain*ed do not exist*.

The property at issue has parking and includes one handicap-accessible parking space. Plaintiff complained that the painted surface was faded. However, as the pictures accompany this motion demonstrate, that is no longer true. [DF-2]

## III.
## DISCUSSION

**1.  THE FEDERAL ADA CLAIM IS MOOT**

**A.  Federal Courts Only Hear Actual Cases or Controversies**

Under Article II of the United States Constitution, federal courts may only adjudicate actual cases or controversies, where true adversarial interests give rise to a clear and concrete conflict. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).

This issue is one of standing and mootness. Standing, in the jurisdictional sense is based on the facts as they exist at the time the complaint is filed. *Mangual v. Rotger-Sabat*, 317F. 3rd 45, 58 (1st Cir. 2003). However, a plaintiff's stake is not

frozen at the moment the lawsuit is filed; he must maintain a personal interest in the outcome throughout the litigation or the controversy becomes moot and nonjusticiable despite the court's retention of subject matter jurisdiction. *Steir v. Girl Scouts of the USA*, 383F.3rd 7, 18 (1st Cir. 2004).

As part of the actual case or controversy requirement, plaintiffs must have standing _through_ the litigation of the lawsuit. 15 MOORE'S FEDERAL PRACTICE § 102.32 (Matthew Bender 3rd ed.). If a plaintiff loses standing at some point in the litigation, the case becomes moot. See *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (holding that parties must maintain a personal stake in the litigation throughout trial and appeal). Courts are required to examine *sua sponte* jurisdictional issues such as standing. See *BC by & Through Powers v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).

In order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized and (b) actual or imminent; (2) causal connection between the injury and the conduct complaint of; and (3) _likelihood that a favorable decision will redress the wrong_. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate that a case is moot, the Defendant must show that the issues involved are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 44 U.S. 625, 631 (1979). As discussed below, that is not the case here.

**B.    There is no Longer any Basis for Relief under the ADA**

**1.    There must be a _Continuing_ Right to Injunctive Relief**

Under the ADA, a plaintiff must establish standing sufficient to seek injunctive relief. See 42 U.S.C. § 12188(a) (stating that the available remedies are those set forth in section 2000a-3(a), that _only_ provides for injunctive relief to private parties). See also *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). A plaintiff is only entitled to injunctive relief under the ADA if he is "_being_ subjected to dis-

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

crimination on the basis of disability ... or ... has reasonable grounds for believing [he] is *about to be* subjected to discrimination." *Id.* at (a)(1) (emphasis added).

Under the ADA, such deterrence must also be based upon "reasonable grounds." See 42 U.S.C. § 12188(a)(1). The relevant issues here are (1) whether Plaintiff has reasonable grounds for current deterrence, and (2) whether Plaintiff remains currently deterred, from returning to Defendants' premises.

Plaintiff's federal claim falls short for two reasons: (1) Plaintiff lacks "reasonable grounds" for being deterred from Defendant's restaurant based on the condition of the parking lot because those prior conditions do not exist; and (2) Plaintiff cannot show that he still intends to return to Defendants' restaurant and is currently deterred from doing so on the basis of conditions he alleged in the complaint.

When a plaintiff seeks injunctive relief in anticipation of future injury, the Supreme Court has held that exposure to past illegal conduct does not give rise to an actual or imminent injury unless there are "*continuing, present adverse effects*" and a plaintiff shows that "*there is a real and immediate threat of repeated injury*." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (emphasis added), quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-6 (1974).

Since standing is an "indispensable part of the plaintiff's case," a plaintiff ultimately must do more than make allegations that, if true, would establish standing. *Lujan*, 504 U.S. at 561. Rather, a plaintiff bears the burden of proof *at each stage of the litigation* to establish those facts supporting standing. See *id*,; 15 MOORE'S FEDERAL PRACTICE at § 101.31 (Matthew Bender 3rd ed.).

In this case, Plaintiff's complaint alleges injury in the form of deterrence and seeks injunctive relief to remedy the same. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. *O'Shea*, 414 U.S. at 495-496.

The facts, as set forth in support of this motion, demonstrate that the cause of the injury is gone and not likely to return or reoccur. Accordingly, there is no need for this court to issue any injunctive relief as there is no *reasonable* possibility that Plaintiff will be the subject of discrimination as alleged.

### 2. Plaintiff Cannot Claim Deterrence Based on Nonexistent Conditions

Once injunctive relief claims are resolved, the federal claims are moot. *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (1997); *Dufresne v. Veneman*, 114 F.3d 952, 953-954 (9th Cir. 1997); *Pickern v. Best Western Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002).

The parking spaces have been freshly painted. There are no reasonable grounds for fear by Plaintiff – or anyone else for that matter – that there are or will be any physical barriers to access proscribed under the ADA – if there ever were.

Standing based on deterrence requires not only a showing of "discriminatory conditions" but also that a "plaintiff is aware of [the conditions] and *remains deterred*." *Pickern*, 293 F.3d at 1137 (emphasis added); *see also Moreno v. G&M Oil Co.*, 88 F.Supp.2d 1116 (C.D. Cal. 2000).

There is no case or controversy here where the entirety of the claim assumes that a condition that does not exist.

### 2. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE CLAIMS

#### A. Long-Standing Principles of Jurisprudence Warrant Declining to Exercise Supplemental Jurisdiction in this Case

Section 1367(c)(4) allows a district court to use its discretion to decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 29 U.S.C. § 1367(c)(4). "[P]endant jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997).

Subject matter jurisdiction over Plaintiff's state law claims rests upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

There are compelling reasons for declining to exercise supplemental jurisdiction over these state law claims, which seek remedies that Congress clearly intended to preclude under the ADA. The fact that an ADA violation may serve as an element of state law claim does not automatically confer federal question jurisdiction. *Pickern*, *supra*, 194 F. Supp. 2d at 1131. "Unlike the California Disabled Persons Act and the Unruh Civil Rights Act, both of which provide damages for violations, the only remedy available to a private plaintiff under the ADA is injunctive relief." 42 U.S.C. § 12188(a)(2). *Id.*

Plaintiff's remaining claims do not present a federal question. *See Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002) (ADA-based state law claims seeking damages do not give rise to federal question jurisdiction). Nor is there a claim of diversity jurisdiction with attendant minimum amount in controversy. *See* 28 U.S.C. § 1332.

Where the only federal cause of action is moot and should be dismissed, comity and fairness strongly favor dismissal of the remaining state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966) ("[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them the surer-footed reading of the law.")

The Court may consider whether declining to exercise jurisdiction serves the principles of economy, convenience, fairness and comity. *City of Chicago*, *supra*, 522 U.S. at 172-3 (1997). The principle of comity strongly favors dismissing the state law claims. See *Executive Software N. Am., Inc. v. United States Court for Central District of Cal.*, 24 F.3d 1545, 1553 (9th Cir.1994) ("When novel issues of state law are presented, though, considerations of judicial economy are not determinative.") (quoting *Gingerich v. White Pigeon Community Schs.*, 736 F.Supp. 147, 149-51 (W.D.Mich.1990)).

Plaintiff can hardly claim that the issue was raised late in the case or that he is deeply invested in litigating in this forum. While written discovery was exchanged, Plaintiff has taken no depositions. While he has inspected the property, no amended complaint was filed.[3] Trial is set for the middle of next year (May 3, 2015).

There can be no showing of unusual or extraordinary circumstances to justify retaining jurisdiction over the state law claims. Accordingly, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claims.

## IV.
## CONCLUSION

If this lawsuit is about removing barriers, they were removed. If it is about continuing to litigate state claims, that should occur not in federal court but, rather, should Plaintiff so choose, in state court.

For the foregoing reasons, Defendants respectfully submit that their motion for summary adjudication should be GRANTED.

Furthermore, Defendant requests that this Court, taking up the issue of subject matter jurisdiction at this moment in the litigation, having satisfied itself that the current conditions do not give rise to a claim for relief under the ADA, decline to exercise supplemental jurisdiction and dismiss this action.

/ / /

---

[3] From this, the Court may conclude that the only fact discovered by that examination was that the parking lot is now presently striped and, thusly, that no violation alleged in the complaint exists.

Dated: September 21, 2015     LAW OFFICES OF STEPHEN ABRAHAM

By: _____
Stephen E. Abraham
Attorneys for DEFENDANTS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On September 21, 2015, I served the foregoing document described as: **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION** thereon on all interested parties in this action as follows:

Raymond G. Ballister                    Representing Plaintiff
Phyl Grace
P.O. Box 262490
San Diego, CA 92196-2490
Telephone: (858) 375-7385
Facsimile: (888) 422-5191
e-Mail: phylg@potterhandy.com

[x]     **e-Filing pursuant to Court order**

Executed on September 21, 2015, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Stephen E. Abraham