1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Raul Uriarte,<br><br>    Plaintiff,<br><br>    v.<br><br>Transtar Properties, LLC, a California Limited Liability Company;<br>Jose Maria Orozzo,<br><br>    Defendants. | CASE NO.<br>2:15-CV-01474-CBM-MANx<br><br>**ORDER**<br><br>[JS-6] |

The matter before the Court is Defendants Transtar Properties, LLC and Jose Maria Orrozco's (collectively, "Defendants'") Motion for Summary Adjudication and Request to Decline Supplemental Jurisdiction (the "Motion"). (Dkt. No. 17.)  Plaintiff Raul Uriarte ("Plaintiff") filed a Statement of Non-Opposition to the Motion.  (Dkt. No. 21.)

### I.   BACKGROUND

Plaintiff's Complaint asserts four causes of action against Defendants: (1) violation of the Americans with Disabilities Act of 1900 (the "ADA");

(2) violation of the Unruh Civil Rights Act ("Unruh"), Cal. Civ. Code §§ 51-53; (3) violation of the California Disabled Persons Act (the "CDPA"), Cal. Civ. Code §§ 54-54.8; and (4) negligence. Plaintiff alleges that he is a paraplegic who uses a wheelchair for mobility. (Compl. ¶ 1.) He alleges that in February 2015, he went to eat at Taqueria El Paisa Grill located at 9673 Fontana Ave., Fontana, California (the "Restaurant"), but was denied full and equal access to the Restaurant because "there is not a single compliant parking space reserved for persons with disabilities available." (Compl. ¶¶ 2, 7, 10, 13.) Plaintiff seeks "injunctive relief, compelling defendants to comply with the American with Disabilities Act and Unruh Civil Rights Act," damages, attorneys' fees, and costs. (Compl., Prayer for Relief ¶¶ 1-3.)

## II. STANDARD OF LAW

On a motion for summary judgment, the Court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact. *Simo v. Union of Needletrades, Indus. & Textile Employees*, 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56. Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

## III. DISCUSSION

**A. ADA**

Defendants move for summary judgment on the ground that Plaintiff's ADA claim—the only federal claim asserted—is moot because: (1) the alleged "inaccessible condition" no longer exists; and (2) Plaintiff cannot show that he intends to return to the Restaurant but is currently deterred from doing as a result

2

of the conditions alleged in the Complaint.[1]

### 1. Mootness

A case may be moot if "the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated." *U.S. v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). *See also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").

It is undisputed that the alleged ADA violation has been remedied. (Orrozco Decl. ¶ 4, Ex. 1.) Plaintiff's ADA claim, however, is based, in part, on alleged faded paint on the handicap parking space. (*See* Compl. ¶ 11 ("[O]n information and belief, plaintiff alleges that a fully compliant parking space reserved for persons with disabilities once existed at this location but it has been allowed to fade away to the point that it is no longer available for use by disabled persons or it has been removed from reserved status.").) Defendants do not offer any evidence that the alleged ADA violation based on faded paint could not reasonably be expected to recur. *Friends of the Earth*, 528 U.S. at 189. Accordingly, the Court denies Defendants' motion for summary judgment on the basis of mootness.

### 2. Standing

"[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 946 (2011). To establish standing to pursue injunctive relief under the ADA, a plaintiff "must demonstrate that he has suffered an injury-in-fact" and "a 'real and immediate threat of repeated injury' in the future." *Id.* (citation omitted). "The threat of

---

[1] Defendants conflate mootness vs. standing in their Motion.

repeated injury in the future is real and immediate so long as the encountered barriers either deter him from returning or continue to exist at a place of public accommodation to which *he intends to return*." *Id.* at 953 (emphasis added) (internal quotations and citations omitted). "A plaintiff's profession of an 'inten[t]' to return to the places [he] had visited before' is not sufficient to establish standing because '[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.'" *Feezor v. Sears, Roebuck & Co.*, 2015 WL 3854681, at *1 (9th Cir. June 23, 2015) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 564 (1992)).

Plaintiff does not establish standing to pursue his injunctive relief claim under the ADA because he fails to offer evidence regarding deterrence from returning or his intent to return to the Restaurant. The Court therefore lacks jurisdiction with respect to Plaintiff's ADA claim (First Cause of Action).

**B.     State Law Claims**

Plaintiff's remaining claims are state law causes of action for violation of Unruh (Second Cause of Action), violation of the CDPA (Third Cause of Action), and negligence (Fourth Cause of Action). The Court declines to exercise supplemental jurisdiction over Plaintiff's State Law Claims which are dismissed without prejudice to being filed in state court. 28 U.S.C. § 1367(c). *See also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (a district court may decline to exercise supplemental jurisdiction over related state-law claims when federal law claims are dismissed); *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984) ("When federal claims are dismissed before trial, . . . pendant state claims also should be dismissed.").

## IV.   CONCLUSION

Plaintiff's First Cause of Action for violation of the ADA is dismissed with prejudice for lack of standing.

4

1 | Plaintiff's Second, Third, and Fourth Causes of Action are dismissed without prejudice to being filed in state court.

**IT IS SO ORDERED.**

DATED: October 20, 2015.

_____
Honorable Consuelo B. Marshall
United States District Judge